UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: 4/1/2025 Findings of Contempt as to ICE agent [Brian] Sullivan, found in contempt pursuant to Mass. R. Crim. Pro. 44 and referred to Commonwealth for investigation and prosecution<br><br>RE: Docket No. 2001CR000384<br>*Commonwealth v. Wilson Martell-Lebron*<br>Boston Municipal Court, Central Division | Civil Action No. 25-10769 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442, the United States of America respectfully files this Notice of Removal from the Boston Municipal Court, Central Division to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, the United States avers as follows.

**I.    BACKGROUND**

1.    In *Commonwealth of Massachusetts v. Wilson Martell-Lebron*, No. 2001AC000480 (Mass. Dist. Ct. 01/2020), the Commonwealth charged the Defendant, Wilson Martell-Lebron (the "Defendant") with two felony counts for falsifying Motor Vehicle and Registry of Motor Vehicle documents. Mass. Gen. Laws ch. 90, § 24B. The Defendant was arraigned on January 23, 2020, in the Boston Municipal Court, Central Division. On March 27, 2025, the Defendant's trial commenced before the Honorable Mark H. Summerville. A true and correct copy of the Docket Sheet is attached hereto as **Exhibit A**.

2.    The Defendant is not a citizen of the United States and has no lawful status within the United States. The Defendant's previous criminal history includes convictions for trafficking cocaine over 200 grams in violation of M.G.L Chapter 94 Section 32, trafficking cocaine over 28 grams in violation of M.G.L. Chapter 94 Section 32 and trafficking heroin over 14 grams in violation of M.G.L Chapter 94 Section 32. Defendant was also convicted for the offenses of trafficking controlled substances over 28 grams in violation of M.G.L. Chapter 94 Section 32 and

trafficking controlled substances over 14 grams in violation of M.G.L. Chapter 94 Section 32.[1] The Defendant is subject to removal proceedings under the Immigration and Nationality Act ("INA") pursuant to INA §212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)), as an alien present in the United States without having been admitted or paroled, or who arrived at a time or place other than as designated by the Attorney General.

3. On March 27, 2025, pursuant to their authority under INA § 236(c) (8 U.S.C. § 1226(c)), Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE") agents, including ICE Agent Brian Sullivan, arrested and detained the Defendant.

4. On April 1, 2025, the Hon. Mark H. Summerville issued a finding as to ICE agent Brian Sullivan, finding him in contempt pursuant to Mass. R. Crim. Pro. 44, and referred the matter to the Commonwealth for investigation and prosecution. **Exhibit C**, Finding of Contempt.

## II.   GROUNDS FOR REMOVAL

4. This action is removable pursuant to the federal officers or agencies removal statute, which authorizes "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof," to remove an order "that is commenced in a State court and that is against or directed to" that officer or agency. 28 U.S.C. § 1442(a)(1).[2]

5. Removal of contempt proceedings from state court to federal court fall within the removal statute, 28 U.S.C. § 1442(a). *See Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288,

---

[1] On April 19, 2017, the Essex Superior Court vacated and dismissed convictions against BAEZ for trafficking controlled substances over 28 grams in violation of M.G.L. Chapter 94 Section 32 and trafficking controlled substances over 14 grams in violation of M.G.L. Chapter 94 Section 32.

289 (D. Mass. 1982) (collecting cases and finding that "[t]he removability of contempt proceedings initiated in state court against federal officials, however, is well-supported by case authority.") As explained by this Court, to "deny the removability of contempt proceedings would be contrary to the underlying purpose of the removal statute to ensure a federal forum in which federal employees must answer for conduct arising from their official duties." *Id.* at 290. *See also State of Fla. v. Cohen*, 887 F.2d 1451, 1454 (11th Cir. 1989) (explaining that "[o]nce the state court initiated contempt proceedings against the federal officials, removal of the contempt proceedings was appropriate.").

6. Brian Sullivan is a federal officer of the Department of Homeland Security, ICE, and the State Court issued a contempt order against Agent Sullivan on behalf of his conduct taken under color of office. Exhibit C, Finding of Contempt.

7. As such, removal to this Court is appropriate.

### III. COMPLIANCE WITH REMOVAL PROCEDURE

8. The United States District Court for the District of Massachusetts embraces the location where the state court action is pending: the Boston Municipal Court. 28 U.S.C. § 1442(a).

9. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

10. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders with respect to this action are attached hereto. Exhibit A, Court Docket; Exhibit B, Motion to Dismiss with Prejudice Findings and Order; Exhibit C, Finding of Contempt.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Boston Municipal Court and written notice of the filing of this Notice of Removal will be given to all parties.

12. Pursuant to Local Rule 81.1(a), the United States will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, the United States hereby removes the action now pending in the Boston Municipal Court to this Court and requests that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1442(a).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: April 1, 2025

By: /s/ *Mark Sauter*
RAYFORD FARQUHAR
MARK SAUTER
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
rayford.farquhar@usdoj.gov
mark.sauter@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I, Mark Sauter, Assistant United Sates Attorney, hereby certify that pursuant to L.R. 7.1(a)(2), I have not conferred with the Plaintiff in advance of filing this Motion because we are removing a state court order.

By: /s/ *Mark Sauter*
MARK SAUTER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I, Mark Sauter, Assistant United Sates Attorney hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via email or First Class Mail:

*Counsel for the Commonwealth of Massachusetts*
Maria Romero
Assistant District Attorneys
Suffolk County District Attorney's Office
One Bulfinch Place
Boston, MA 02114

*Counsel for Wilson Martell-LeBron*
Murat Erkan
Ryan Sullivan
Erkan and Sullivan, P.C.
300 High Street
Andover, MA 01810

By: /s/ *Mark Sauter*
     MARK SAUTER
     Assistant United States Attorney