# COMMONWEALTH OF MASSACHUSETTS

Suffolk,ss

Criminal Docket No.
2001 CR 000384

## COMMONWEALTH

v.

## WILSON MARTELL LEBRON

[Boston Municipal Court Central Division stamp: 2025 APR -1 P 2:04]

### MOTION TO DISMISS WITH PREJUDICE FINDINGS AND ORDER

The Court allows the defendant's Motion to Dismiss with Prejudice. The finding is a consequence of members of the prosecution's team[1] intentionally and egregiously violating the defendant's rights protected by Article 12 enshrined in the Massachusetts Declaration of Rights, the Sixth and Fourteenth Amendments to the United States Constitution and Mass. R. Crim. Pro. 18. This violation of the defendant's constitutional rights has resulted in the Commonwealth, through the prosecution team, obstructing justice by knowingly and intentionally preventing the defendant's appearance at an ongoing jury trial.

---

[1] See Massachusetts Rules of Criminal Procedure 14(a)(1).

1

In any prosecution for a crime the defendant shall be entitled to be present at all critical stages of the proceedings. The defendant's presence is constitutionally required during all critical stages because fairness demands that the defendant be present when his substantial rights are at stake. This Court finds that at a critical stage of the defendant's prosecution (jury trial), Brian Sullivan planned and led an I.C.E. operation on the premises of the Boston Municipal Court-Central Division with the intention of arresting the defendant and preventing the defendant from being present at his jury trial and confronting the police witnesses against him. Agent Sullivan knew that the defendant and witnesses were ordered by the judge on March 27, 2025, to return to court on March 28, 2025, for the resumption of testimony at the defendant's ongoing jury trial. Armed with this knowledge, Sullivan proceeded with his premeditated, targeted plan by arresting the defendant within minutes of the Court recessing his trial for the day and refused to provide defense counsel, the Suffolk District Attorney's office and the Court with his location.

I.C.E., secreted the defendant in an unknown location and refused to bring the defendant back to court for trial on March 28, 2025. The Court then ordered a writ of habeas corpus be issued to I.C.E. to bring the defendant back to court for the continuation of his trial on March 31, 2025; they refused.[2] On March 28, 2025, the Court ordered that a subpoena be issued for the appearance of Agent Sullivan on March 31, 2025, to explain his actions and inform the judge why I.C.E. refused to return the

---

[2] Jurors appeared on March 27, 28 and 31 for trial. The Court permanently excused the jurors on March 31, 2025, because there was no credible evidence that I.C.E. would bring the defendant to court on any date.

2

defendant to court. Sullivan failed to appear in court on March 31, 2025, and later in the day an order from the U.S. District Court was filed in the Boston Municipal Court-Central Division ordering the case be removed to federal court on the issue of Agent Sullivan's subpoena to appear in state court.[3]

The Sixth Amendment to the United States Constitution guarantees a defendant the right to confront witnesses at trial, which right is also guaranteed by Article Twelve of the Massachusetts Declaration of Rights and by statute, G.L.c. 278 sec. 6. However, the primary constitutional protection is afforded by the due process clause of the Fourteenth Amendment. "The presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence..." Snyder v. Massachusetts, 54 SCt. 330, 291 U.S. 97, 107-108, 78 L. Ed 674, 90 A.L.R. 575 (1934).

This Court finds that I.C.E. Agent Brian Sullivan intentionally and egregiously violated the defendant's state and federal constitutional right to due process of law and a fair trial with assistance peripherally from State Police Troopers Dumond and Thompson. Sullivan's actions were not only contemptuous of the Court, but his actions were also contemptuous of the justice system.

This Court finds that Troopers David Dumond and Trooper James Thompson peripherally aided Agent Sullivan's capture and detention of the defendant by

---

[3] I.C.E. Agent Brian Sullivan appeared in court at least one-half dozen times for this case at the request of the Commonwealth. In those instances, notice and a request for his appearance was perfected by regular emails sent from Assistant District Attorneys with no need for a subpoena or other process.

providing Sullivan with times and locations of the defendant's appearance and departure from court on the date of trial, knowing or having reason to believe that the defendant's detention by I.C.E. would result in him not being allowed to attend his ongoing jury trial.

As result of this coordinated and successful effort by members of the prosecution team to obstruct justice and egregiously violate the state and federal constitutional rights of the defendant, the Motion to Dismiss with prejudice is allowed.

*[signature]*
Associate Justice
Boston Municipal Court